LEWIS MEARS COMPANY vs. NORFOLK COUNTY CREAMERY.

APRIL 27, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  Sales.  Original Entries.  Evidence.

In an action to recover the price for goods sold, original sales records being original entries are competent evidence to prove the price.

(2)  Directed Verdicts.

Where no legal evidence was offered by defendant to contradict that offered by plaintiff which clearly showed his right to a verdict, a motion for a directed verdict for plaintiff should have been granted.

(3)  Evidence.  Self Serving Document.

A letter written by a party to the action in which he states the price at which he claims to have bought the goods, is a self-serving statement and not competent evidence of the facts therein stated.

ASSUMPSIT.  Heard on exception of plaintiff and sustained.

SWEENEY, J.  This is an action of the case in assumpsit to recover the contract price of sixteen tubs of butter sold and delivered by plaintiff to defendant.  A dispute arose between the parties as to the price per pound agreed to be paid for the butter.  Plaintiff is a corporation located in Boston and defendant is a person doing business in Woonsocket under a trade name.

At the trial in the Superior Court plaintiff's credit manager produced its original sales records which proved that the butter was sold to defendant at the rate of 53c per pound, making the amount due $526.03.  These sales records were original entries and competent evidence to prove the price of the butter.  Cargill v. Atwood, 18 R. I. 303; Flynn v. Columbus Club, 21 R. I. 534.

To prove delivery of the butter this witness produced a letter from defendant dated December 16, 1920, in which he admitted receiving the butter.  Defendant also stated in the letter that he purchased it at the rate of 43c per pound; that he would not use it at the billed price and

would hold it in storage until he heard from plaintiff. Plaintiff replied that the butter was sold at the rate of 53c per pound and that it expected defendant to pay for it at this rate. December 22nd defendant mailed a check for $426.76 to plaintiff in payment for the butter at 43c per pound. The check was endorsed "Payment in full". Plaintiff refused to accept the check, and commenced this action.

Defendant did not appear at the trial nor was any evidence presented in his behalf. Plaintiff moved for a directed verdict for the amount proved by its evidence to be due. The trial justice denied the motion because it appeared there was a conflict between the parties as to the purchase price of the butter. The jury returned a verdict for the amount of defendant's check.

Plaintiff has brought the action to this court by its bill of exceptions on the ground that the trial justice erred in not granting its motion for a directed verdict. The exception must be sustained. No legal evidence was presented by the defendant to contradict that offered by the plaintiff. The rule is well established that a verdict should be directed for the plaintiff where there is no conflicting testimony and the evidence clearly shows the right of the plaintiff to the verdict.   26 R. C. L. 1073; 38 Cyc. 1574.

Defendant's letter as to the price of the butter was a self-serving statement and not competent evidence of the fact therein stated.   *White* v. *Berry*, 24 R. I. 74;   *Bowen* v. *White*, 26 R. I. 68;   *Sherman* v. *Stafford Mfg. Co.*, 23 R. I. 529.   The mere fact that it appeared that defendant claimed in his letter he purchased the butter at a certain price was not evidence that he purchased it at that price. As no evidence was introduced by defendant controverting that presented by plaintiff, the verdict should have been directed as requested.

The defendant may appear before this court on the 4th day of May, 1927, at 9 o'clock a. m., Standard time, and show cause, if any he has, why an order should not be made

remitting the case to the Superior Court with direction to enter judgment for plaintiff for $526.03, with interest from December 22, 1920.

*J. Earle Brown, Charles H. McKenna,* for plaintiff.
*Leon Semonoff,* for defendant.